UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-82549-Middlebrooks/Matthewman

JAVIER O'RELLY,

      Petitioner,

v.

SECRETARY, DEPARTMENT OF
CORRECTIONS, STATE OF FLORIDA,

      Respondent.

_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
ON PETITIONER'S PETITION UNDER 28 U.S.C. § 2254 BY A PERSON IN STATE
CUSTODY PURSUANT TO A STATE COURT JUDGMENT [DE 1]**

THIS CAUSE is before the Court upon Petitioner Javier O'Relly's ("Petitioner") Petition under 28 U.S.C. § 2254 by a Person in State Court Custody Pursuant to a State Court Judgment ("Petition") [DE 1]. The matter was referred to the undersigned United States Magistrate Judge by the Honorable Donald M. Middlebrooks, United States District Judge. *See* DE 5. Respondent, the Secretary of the Department of Corrections, State of Florida ("Respondent"), has filed a response to the Petition [DE 19], an Appendix [DE 20], and transcripts [DE 21]. Petitioner has filed a reply [DE 23]. The Court has reviewed and carefully considered the Petition, the response, the reply, the exhibits, the transcripts, and all pertinent portions of the underlying criminal file.

## I.      BACKGROUND

This case originated in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida (case number 502016CF002773AXXXMB). [DE 20-1, Ex. 1]. On November 16, 2016, Petitioner was charged by an Amended Information with one count of attempted second degree murder with a firearm, in violation of sections 777.04(1), 782.04(2), and

1

775.087(1) and (2), Florida Statutes. [DE 20-1, Ex. 3].

On April 6th, 2017, after a jury trial, the jury found Petitioner guilty of attempted manslaughter by act, a lesser included offense. [DE 20-1, Ex. 8]. The jury also found that Petitioner actually possessed a firearm. *Id.* Petitioner was adjudicated guilty of attempted manslaughter by act with a firearm. [DE 20-1, Ex. 9].

The State recommended that Petitioner be sentenced to the maximum sentence of fifteen years [DE 20-1, Exs. 10, 13], Petitioner argued for the lowest permissible sentence of 22.2 months [DE 20-1, Ex. 11], and the state court sentenced Petitioner to fifteen years in prison [DE 20-1, Ex. 15].

Petitioner appealed his conviction and sentence to the Fourth District Court of Appeal for the State of Florida. [DE 20-1, Exs. 16, 17]. The Fourth District Court of Appeal then affirmed Petitioner's conviction without comment. [DE 20-2; Exs. 25, 26]; *O'Relly v. State*, 255 So. 3d 218 (Fla. 4th DCA 2018).

While the appeal was pending, Petitioner filed in the trial court a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b)(2). [DE 20-1, Ex. 19]. The state court denied Petitioner's motion. [DE 20-1, Ex. 21].

Next, Petitioner filed a motion for reduction of sentence in the trial court under Florida Rule of Criminal Procedure 3.800(c). [DE 20-2, Ex. 27]. The trial court also denied this motion. [DE 20-2, Ex. 28].

Petitioner then filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850 in the trial court. [DE 20-2, Ex. 29]. The state court denied Petitioner's motion for post-conviction relief. [DE 20-3, Ex. 33]. Petitioner then appealed the state court's order on his motion for post-conviction relief to the Fourth District Court of Appeal. [DE 20-3, Exs. 34, 35].

The Fourth District affirmed the trial court's order without comment. [DE 20-4, Ex. 40]; *O'Relly v. State*, 321 So. 3d 755 (Fla. 4th DCA 2021).

Petitioner now petitions this Court for a writ of habeas corpus. [DE 1]. Petitioner seeks relief on eight different grounds: 1) that Petitioner's due process rights were violated when the state court improperly considered a *mens rea* at sentencing for a charge which Petitioner had been acquitted; 2) that Petitioner's due process rights were violated by the prosecutor's comments during closing argument; 3) that Petitioner was denied effective assistance of counsel when his counsel failed to object to the trial court's untimely ruling on Petitioner's motion for judgment of acquittal; 4) that Petitioner was denied effective assistance of counsel when his counsel failed to retain an independent crime scene investigator; 5) that Petitioner was denied effective assistance of counsel when his counsel advised him not to testify; 6) that Petitioner was denied effective assistance of counsel when his counsel failed to object to confusing and misleading jury instructions; 7) that Petitioner was denied effective assistance of counsel when his counsel failed to object and move for a mistrial when the prosecutor used religious imagery during closing argument; and 8) that Petitioner was denied effective assistance of counsel when his counsel did not object at to the state court improperly considering a *mens rea* for a charge which Petitioner had been acquitted at sentencing. [DE 1].

## II.    LEGAL STANDARDS

### A.  Standard of Review Under 28 U.S.C. § 2254

Under 28 U.S.C. § 2254(d), an individual in state custody is entitled to federal habeas corpus relief only on the ground that he is in custody in violation of the United States Constitution or laws or treaties of the United States. To obtain habeas corpus relief from a federal court, a prisoner must demonstrate that the state court's ruling on the claim: 1) resulted in a decision that

was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2) (2018); *see also Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001).

"A state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in this Court's cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result." *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405–06. "A state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies such precedents to the facts in an objectively unreasonable manner." *Id.* In the context of habeas petitions, "clearly established Federal law" refers to the holdings of the Supreme Court's decisions as of the time of the relevant state court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). Federal courts are required to presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

The Supreme Court repeatedly has held that "[t]he petitioner carries the burden of proof" and that the § 2254(d)(1) standard is a high hurdle to overcome. *See Bobby v. Dixon*, 565 U.S. 23, 24 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011)); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). State court decisions must be given a strong presumption of deference even when the state court adjudicates a petitioner's claim summarily. *See Richter*, 560 U.S. at 96–100; *Gill v. Mecusker*, 633 F.3d 1272, 1288 (11th Cir. 2011).

### B.  Exhaustion

Under 28 U.S.C. § 2254(b)–(c), petitioners are required to exhaust their claims by fairly presenting them to the state courts for adjudication before presenting them in a federal habeas petition. When petitioners do not properly present their claims, exhaust their claims, and comply with the applicable state procedure, § 2254 may bar federal review of those claims in federal court. *See Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (citing 28 U.S.C. § 2254(b)–(c)).

> Before filing a federal habeas action, a state prisoner must exhaust state court remedies, either on direct appeal or in a state post-conviction motion. 28 U.S.C. § 2254(b), (c). To exhaust state remedies, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review. *Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

> Generally, procedural default can arise in two ways: (1) where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred; or (2) when the petitioner never raised the claim in state court, and it is obvious that the state courts would hold it to be procedurally barred if it were raised now. Federal habeas courts are precluded from deciding the merits of a claim that is procedurally barred, except in two circumstances: (1) where the petitioner makes a showing of adequate cause and actual prejudice, or (2) where the failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 749–50, 111 S.Ct. 2546, 2564–65, 115 L.Ed.2d 640 (1991); *Marek v. Singletary,* 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> *Cortes v. Gladish*, 216 Fed. Appx. 897, 899 (11th Cir. 2007).

### C.  Standard for Ineffective Assistance of Counsel

"In *Strickland v. Washington,* 466 U.S. 668, 687 (1984), the Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel. "Under the 'performance' prong, the defendant must show that counsel's performance 'fell below an objective standard of reasonableness.'" *King v. U.S.*, 250 F. App'x. 930, 932 (11th Cir. 2007) (citing *Strickland*, 466

U.S. at 688). Under the 'prejudice' prong, the defendant must show that counsel's deficient performance prejudiced the defendant and that, "but for the attorney's error, the outcome of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). The burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable. *See Strickland,* 466 U.S. at 688. The petitioner must establish that particular and identified acts or omissions of counsel "were outside the wide range of professionally competent assistance." *Chandler v. United States*, 218 F.3d 1305, 1313, 1314 (11th Cir. 2000) (quoting *Burger v. Kemp,* 483 U.S. 776, 794 (1987); *see also Strickland,* 466 U.S. at 686 (stating that petitioner must show "counsel's representation fell below an objective standard of reasonableness", which means that counsel's performance was unreasonable "under prevailing professional norms. . . considering all of the circumstances").

"Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689. When assessing a lawyer's performance, "[c]ourts must indulge the strong presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." *Chandler,* 218 F.3d at 1314 (11th Cir. 2000). When assessing ineffective assistance of counsel claims, the court's role is not to "grade a lawyer's performance; instead, [the court] determine[s] only whether a lawyer's performance was within the wide range of professionally competent assistance." *Van Poyck v. Fla. Dep't of Corr.,* 290 F.3d 1318, 1322 (11th Cir. 2002) (quoting *Strickland*, 466 U.S. at 690) (internal quotation marks omitted). "Intensive scrutiny and second-guessing of attorney performance are not permitted." *Spaziano v.*

6

*Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994).

### III.   <u>ANALYSIS</u>

Initially, Respondent concedes that the Petition was timely filed. [DE 19 at 25]. Because Respondent has waived this statute of limitations defense, the Court need not determine whether the waiver is accurate. *See* 28 U.S.C. § 2244(d)(1)-(2); *Wood v. Milyard,* 566 U.S. 463, 473 (2012) (citing *Day v. McDonough,* 547 U.S. 198, 210-11 (2006)). Thus, the Petition is timely.

#### A.   **Grounds One and Two**

##### i.   <u>Exhaustion</u>

Respondent argues that Petitioner has not properly exhausted all his claims. [DE 19 at 25–29]. Specifically, Respondent argues that Ground One and parts of Ground Two are procedurally barred because defense counsel failed to object and preserve these grounds at trial. *See id.* at 26–27. Thus, Respondent asserts the claims were procedurally barred on direct appeal. *See id.* Petitioner responds by asserting that the grounds are exhausted because they were raised in Petitioner's direct appeal. [DE 23 at 2].

The Court disagrees with Respondent's arguement that these grounds are procedurally barred. It is true that, in Florida, a timely objection must be made with the trial court for the issue to be considered "preserved" for appeal. § 924.051(1)(b), Fla. Stat. However, this does not mean that the claim is procedurally barred from appellate review. Instead, the claim would be subject to the fundamental error standard. § 924.051(3), Fla. Stat. ("A judgment or sentence may be reversed on appeal only when an appellate court determines after a review of the complete record that prejudicial error occurred and was properly preserved in the trial court or, if not properly preserved, would constitute fundamental error."); *Jackson v. State*, 983 So.2d 562, 568 (Fla. 2008); *Bates v. Secretary, Fla. Dep't of Corrections*, 768 F.3d 1278, 1297 (11th Cir. 2014). Because Grounds One

and Two were raised in Petitioner's direct appeal, they were not procedurally barred, but subject to fundamental error review. *See* DE 20-1, Ex. 22. Accordingly, Grounds One and Two are exhausted and procedural default analysis does not apply. Thus, the Court will now proceed to review the merits of Grounds One and Two of the Petition.

        ii.  <u>Merits of Ground One</u>

Petitioner asserts that the state court considered a *mens rea* at sentencing that corresponded to an offense of which Petitioner had been acquitted. [DEs 1; 15 at 4]. To support his contention, Petitioner points to the following statement made by the judge at sentencing: "I've considered the facts of this case, the pure recklessness and callousness of [Petitioner's] actions with no concern if [he] harmed someone or not." *Id.* at 6; [DE 21-2 at 18]. Petitioner contends this statement shows that the trial court considered a *mens rea* applicable to attempted second degree murder and not the charge that Petitioner was convicted of--attempted manslaughter by act. [DE 15 at 6]. As a result, Petitioner asserts his due process rights were violated. *Id.*

In response, Respondent asserts that the factors considered by the trial court are also relevant to the charge Petitioner was convicted of, attempted manslaughter by act, and that a Florida trial court is permitted to consider the totality of the circumstances of the crime. [DE 19 at 47].

In reply, Petitioner contends that the trial court's consideration goes beyond or is distinguishable from the precedent cited in Respondent's response. [DE 23 at 3–4].

Here, the Court finds that Petitioner fails to meet his burden in proving that the trial court's consideration at sentencing is contrary to clearly established federal law. Generally, the Court agrees that it would be improper to consider a *mens rea* of a crime of which a defendant was

acquitted. *See Townsend v. Burke*, 334 U.S. 736, 740–41 (1948). However, the state court in denying Petitioner's Rule 3.850 motion explained the following:

> The Court agrees that it would be improper to consider the *mens rea* of [a] crime Defendant was not charged with or was acquitted of, but that is not what the trial court did. *See Dinkines v. State*, 122 So. 3d 477,481 (Fla. 4th DCA 2013). The Court did consider Defendant's "callousness" and "recklessness," but these factors would be insufficient to prove the "depraved mind" intent needed to sustain an attempted second degree murder charge. *See Light v. State*, 841 So. 2d 623, 626 (Fla. 2d DCA 2003) (holding that "extreme recklessness" is not enough to show a depraved mind). A defendant possesses a "depraved mind" if he or she does something that: 1) an ordinary person knows is reasonably certain to kill or do serious bodily injury, 2) is done from "ill will, hatred, spite, or an evil intent," or 3) indicates an indifference to human life. *Wiley v. State*, 60 So. 3d 588, 591 (Fla. 4th DCA 2011). The trial court considered none of these heightened intents, and thus it used proper factors in considering Defendant's sentence.

[DE 20-3 at 240–41].

This Court agrees with the state court. Petitioner has not shown that the trial court considered the heightened intent of attempted second degree murder when the sentencing judge merely considered the "callousness" and "recklessness" of Petitioner's actions. As the state court explained, "callousness" and "recklessness" are not synonymous with "depraved mind." *Id.*

Further, Petitioner fails to explain how the sentencing judge's consideration is improper regarding the offense for which Petition was convicted. The Florida Criminal Punishment Code allows the trial court to consider the severity and circumstances surrounding the offense. § 921.002(1)(c), Fla. Stat. Considering this standard and the facts underlying Petitioner's crime, Petitioner fails to meet his burden in proving that the trial court violated clearly established federal law. Accordingly, the Court **RESPECTFULLY RECOMMENDS** that the United States District Judge **DENY** the Petition as to Ground One.

### iii.  Merits of Ground Two

Petitioner next asserts that his due process rights were violated by comments the prosecutor

made during closing argument which the trial court allowed. [DE 1 at 7]. Petitioner argues that the prosecutor "demonized [Petitioner], confused the jury about the burden of proof and misrepresented the factual record, which collectively interfered [with] Petitioner's right to a fair trial[.]" *Id.* Petitioner points to the following comments made by the prosecutor to support his argument: 1) that the victim "hand an angel looking over her" and "[i]t is a miracle she is alive"; 2) that the victim would have died "if the bullet's trajectory was different by 'mere millimeter'"; 3) repeated use of the word "evil"; 4) various alleged mischaracterizations of the law including the statement "[n]one of this case makes sense whatsoever, and that's what makes it of a depraved mind[]"; and 5) misstating a witness description concerning star or luxury rims. *Id.* at 5–6.

In response, Respondent argues that the prosecutor's comments do not employ improper religious imagery, but are a generic hyperbole not intended to inflame the jury. [DE 19 at 54–55]. Further, Respondent points out that the prosecutor used the word "evil" to refer to an element of a charged crime, attempted second degree murder. *Id.* at 56. Also, Respondent argues that any alleged mischaracterization was done to clarify a mischaracterization made in defense counsel's closing argument. *Id.* at 57–59. Lastly, Respondent asserts that any error or possible prejudice is cured by the trial judge's instructions. *Id.* at 60–62.

In reply, Petitioner argues that the trial court's instruction is not enough to cure the comments made by the prosecutor. [DE 23 at 5]. Further, Petitioner contends that "when considering the cumulative effect of the comments … there can be no doubt that the comments in question affected the verdict." *Id.* at 5.

The "clearly established Federal law" for purposes of Petitioner's claim is set forth in *Darden v. Wainwright*, 477 U.S. 168, 181 (1986); *Parker v. Matthews*, 567 U.S. 37, 45–49 (2012); *Medina v. Sec'y, Dep't of Corr.*, 733 Fed. Appx. 490, 494 (11th Cir. 2018). In *Darden*, the Supreme

Court held that improper comments by a prosecutor violate due process if they "so infected the trial with unfairness as to make the resulting conviction a denial of due process." 477 U.S. at 181 (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637 (1974)). "It is not enough that the prosecutor's comments were 'improper,' 'offensive,' 'undesirable[,] or even universally condemned.'" *Medina*, 733 Fed. Appx. at 494 (quoting *Darden*, 477 U.S. at 181). Rather, the prosecutor's comments must render the defendant's conviction "fundamentally unfair." *Id.*; *Darden*, 477 U.S. at 183.

Here, the Court finds that Petitioner has not met his burden. Indeed, the comments made in *Darden* are exceedingly more inflammatory than the cumulative effect of the comments made here. 477 U.S. at 181 n.11–12 (citations omitted) (finding that the defendant received a fair trial when the prosecutor made the following comments in closing argument: describing the petitioner as an "animal"; "[petitioner] shouldn't be let out of his cell unless he has a leash on him"; and "I wish someone had walked in the back door and blown [petitioner's] head off."). Additionally, any possible prejudice to Petitioner resulting from the prosecutor's closing argument was cured by the trial court's instruction that the lawyers' arguments are not evidence or instructions on the law.[1] *United States v. Bailey*, 123 F.3d 1381, 1402 (11th Cir. 1997) ("[A]ny possible prejudice to [defendant] resulting from the prosecutor's closing argument was cured by instructions from the district judge that the lawyers' arguments were not evidence and that the jury was to decide the

---

[1] In relevant part, the trial court gave the following instructions:

> [T]his case must be decided only upon the evidence that you have heard from the testimony of the witnesses and have seen in the form of the exhibits in evidence, and these instructions.

> Please remember that what the attorneys say is not evidence or your instruction on the law[.]

> Remember, the evidence doesn't come from the lawyers, it comes from the witnesses that testified. You will rely on your memory of what those witnesses said, okay?

[DE 21-1 at 505, 508, 515].

case solely on the evidence presented at trial."). Therefore, the Court **RESPECTFULLY RECOMMENDS** that the United States District Judge **DENY** the Petition as to Ground Two.

### B. Ground Three

Preliminary, the Court notes that Respondent does not assert that Ground Three is unexhausted. [DE 19 at 29–30]. Thus, the Court will proceed to the merits.

Petitioner asserts that he was denied "effective assistance of counsel when counsel failed to object to the trial court's failure to timely rule on Petitioner's motion for judgment of acquittal as to second degree murder at the close of the state's case[.]" [DE 1 at 9]. Petitioner alleges that the delay made it so defense counsel could not change their trial strategy. *Id.* Petitioner submits that if he was awarded a timely and favorable ruling, defense counsel would have called Petitioner to testify as to the intentional act element of the lesser included offense of attempted manslaughter by act. *Id.* at 9–10.

In response, Respondent asserts that defense counsel's failure to object is not deficient, that Petitioner's trial strategy would not have changed, and that Petitioner cannot show that the outcome of the proceeding would have been different. [DE 19 at 64–73].

In reply, Petitioner asserts that "the Court now [is] required to review the record and determine if the facts as alleged support the finding made by the state court." [DE 23 at 5–6].

In rejecting Petitioner's claim on this ground, the trial court reasoned the following:

> Defendant's trial strategy would not have changed even if the motion for judgment of acquittal was granted. The theory of defense presented at trial was that the State provided no evidence that Defendant was the shooter and that Defendant was merely in the wrong place at the wrong time. (State Resp., Ex. "R," Trial Tr. 531-49). Defendant's proposed testimony, where he would admit to committing the act but claim that his behavior was merely negligent and not intentional, would have undermined his entire defense at trial … Because there is no reasonable probability the results of the proceeding would have been different, no prejudice occurred and Ground I is denied. *See Rose v. State,* 985 So. 2d 500, 505 (Fla. 2008) (trial court did not err in denying defendant's postconviction claim of ineffective assistance of

counsel based on counsel's failure to obtain a timely ruling from the trial court as the record established there was no prejudice to defendant); *Bettey v. State,* 244 So. 3d 364, 366-67 (Fla. 1st DCA 2018) (same).

[DE 20-3 at 235–35].

After a thorough review of the record, as requested by Petitioner, the Court finds that Petitioner does not meet his burden. Considering *Strickland*'s prejudice prong, Petitioner fails to show how the outcome of the trial would have been different given Petitioner's proposed contradictory trial strategy and the weight of the evidence presented at trial. *See* DE 21-1 at 61, 112–14, 140–41, 295, 422 (transcribing trial testimony from multiple witnesses indicating that 1) Petitioner knew there were people on a public beach; 2) Petitioner fired shots multiple times, then paused, and fired more shots towards the beach; 3) the shots were relatively tightly clustered; and 4) one of the bullets grazed the scalp of a woman sitting on the beach). The state court's denial of this claim is neither contrary to, nor an unreasonable application of *Strickland*. Therefore, the Court **RESPECTFULLY RECOMMENDS** that the United States District Judge **DENY** the Petition as to Ground Three.

### C.  Grounds 4, 5, 6, 7, and 8

Petitioner asserts five more ineffective assistance of counsel claims. Respondent argues that these claims are unexhausted and procedurally barred. [DE 19 at 27–28]. Respondent points to the fact that these grounds were raised in Petitioner's Rule 3.850 motion, but they were not raised in Petitioner's appeal from the denial of that motion. *Id.* In reply, Petitioner asserts that he did not need to include these grounds in his appeal under Florida Rule of Appellate Procedure 9.141(b)(2)(C). [DE 23 at 2]. Petitioner asserts that the appellate court was required to review all of Petitioner's claims in his Rule 3.850 motion under Rule 9.141(b)(2)(C), whether or not he raised

them on appeal, because Petitioner's Rule 3.850 motion was denied without an evidentiary hearing. *Id.*

Petitioner misstates Florida law. In fact, under the applicable law, Petitioner has abandoned any issues not raised in his brief.[2] *Ward v. State*, 19 So. 3d 1060, 1061 (Fla. 5th DCA 2009) (holding that where all the appellant's post-convictions claims were summarily denied, but the appellant chose to file a brief on appeal (even though not required to do so under Fla. R. App. P. 9.141(b)(2)), appellant abandoned any issues not raised in their brief); *Hammond v. State*, 34 So. 3d 58, 59 (Fla. 4th DCA 2010) (holding when ruling on an appeal of a summary denial of a Rule 3.850 motion, "[c]laims for which an appellant has not presented any argument, or for which he provides only conclusory argument, are insufficiently presented for review and are waived[]") (citing *Doorbal v. State,* 983 So. 2d 464, 482–83 (Fla. 2008); *Shere v. State,* 742 So. 2d 215, 217 n.6 (Fla. 1999)); *see also McClarty v. Sec'y, Dep't of Corr.*, 15-15669-E, 2016 WL 10703187, at *10 (11th Cir. Sept. 7, 2016) (citing *Ward*).

Any further attempt to exhaust state remedies would be barred as a second appeal is unavailable and any further claim in a Rule 3.850 motion would be dismissed as successive. *See* Fla. R. Crim. P. 3.850(b), (h), (k); Fla. R. App. P. 9.141. Therefore, Petitioner's claims are procedurally defaulted and serve no basis for federal habeas relief. *Snowden v. Singletary*, 135

---

[2] If an appellant does not file a brief when appealing a summarily denied Rule 3.850 motion (which is not the case here), the appellate court is required to investigate all possible means of relief. *See* Fla. R. App. P. 9.141(b)(2*)*; *Watson v. State*, 975 So. 2d. 572, 573 n.1 (Fla. 1st DCA 2008).

Further, the Court notes that the Eleventh Circuit has previously held in two unpublished decisions that when a Florida defendant does not receive an evidentiary hearing under a Rule 3.850 motion, he satisfies the exhaustion requirement as to all claims raised in his Rule 3.850 motion, even if his appellate brief fails to address each issue. *Darity v. Sec'y, Dep't of Corr.*, 244 F. App'x. 982, 984 (11th Cir. 2007); *Cortes v. Gladish*, 216 F. App'x 897, 899–900 (11th Cir. 2007). However, the Florida case relied on in those decisions, *Webb v. State*, 757 So. 2d 608 (Fla. 5th DCA 2000), ceased to be the decisional law and is receded from by *Ward*. 19 So. 3d at 1061.

F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1991); *Harris v. Reed,* 489 U.S. 255, 269 (1989) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, we can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief.").

Further, Petitioner makes no argument as to why his procedural default should be excused under the procedural default exceptions. *See* DEs 1; 15; 23. Also, after a review of the record, the Court finds that neither exception is applicable. To illustrate, the record does not reveal an objective cause for Petitioner's failure to raise these claims on appeal and resulting prejudice, nor would the failure to consider these claims result in a fundamental miscarriage of justice. *See Marek v. Singletary*, 62 F.3d 1295, 1302 (11th Cir. 1995) (citations omitted) ("[Petitioner] may overcome his procedural default by showing cause for the procedural default and resulting prejudice. Cause requires a showing of some objective factor external to the defense … which prevented counsel from constructing or raising the claim."); *see also House v. Bell*, 547 U.S. 518 536–38 (2006) (noting how the fundamental miscarriage of justice exception arises in only extraordinary cases). Thus, the Court is barred from reviewing these claims and the Undersigned **RESPECTFULLY RECOMMENDS** that the District Judge **DENY** Grounds Four through Eight.[3]

---

[3] Alternatively, the Court respectfully recommends that the District Judge deny Grounds Four through Eight on the merits.

Ground Four (whether counsel was ineffective for not retaining an independent crime scene investigator) is meritless. Petitioner's speculative and conclusory remarks are insufficient to establish counsel was ineffective (especially given the state court's finding of defense counsel's adequate cross-examination of the State's expert) or that the outcome of the trial would have been different given the evidence presented at trial as stated above. *See* DE 20-3 at 235; *see also Chaney v. Sec'y, Florida Dept. of Corr.*, 447 Fed. Appx. 68, 70 (11th Cir. 2011) (citations omitted) ("We have held that the mere fact a defendant can find [an] expert who will testify favorably for him does not demonstrate that counsel was ineffective for failing to produce that expert at trial … This is especially true when reviewing a state court's finding that counsel was not ineffective for failing to call such an expert to testify.").

Ground Five (whether counsel misadvised Petitioner by advising Petitioner not to testify and interfered with

## IV.   <u>CERTIFICATE OF APPEALABILITY</u>

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b) to the Rules Governing § 2254 Proceedings.

After a careful review of the record, the Court finds that Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may [be] issued[d] . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists

---

Petitioner's Fifth Amendment right) is also meritless. Petitioner voluntarily waived his right to testify. [DE 21-1 at 440–41]. Even assuming this was involuntary, Petitioner fails to show prejudice given the contradictory nature of his proposed testimony and his trial strategy and the evidence presented in the case.

Ground Six (whether counsel was ineffective by failing to object to the attempted manslaughter by act instruction) is also baseless. The state court did not unreasonably apply *Strickland* when examining defense counsel's failure to object to a standard jury instruction. *See* DE 20-3 at 236–37; *see also Conrad v. Sec'y, Florida Dep't of Corr.*, 663 Fed. Appx. 746, 753 (11th Cir. 2016) ("Florida precedent indicates that trial counsel's failure to object to standard jury instructions that had not been invalidated by the Florida Supreme Court do not render counsel's performance deficient. Therefore, [petitioner] has not satisfied *Strickland*'s performance prong.").

Ground Seven (whether counsel was ineffective for failing to move for a mistrial during the prosecutor's closing) is also unavailing. As illustrated in Ground Two and explained by the state court, the prosecutor's comments did not rise to the level to warrant a mistrial. [DE 20-3 at 238–39]; *Floyd v. State*, 913 So. 2d 564, 576 (Fla. 2005) ("A motion for mistrial should be granted only when the error is deemed so prejudicial that it vitiates the entire trial, depriving the defendant of a fair proceeding."). Because a mistrial would not have been granted, no prejudice resulted from failing to move for one. Thus, the state court's denial of this ground is not contrary or an unreasonable application of *Strickland*.

Lastly, the burden for Ground Eight (whether counsel was ineffective for failing to object at sentencing) is not met. As explained in the merits of Ground One, the trial court did not consider improper factors at sentencing. Thus, no prejudice resulted.

would find debatable both (1) the merits of the underlying claims and (2) the procedural issues she seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Because the claims raised in the Petition are without merit, Petitioner cannot satisfy the *Slack* test. Upon consideration of the record, the District Judge should deny a certificate of appealability.

## V.    RECOMMENDATION TO THE DISTRICT JUDGE

A very careful review of the entire record establishes that Petitioner's claims are meritless and due to be denied for the reasons stated above. No evidentiary hearing is necessary or required. The Petition fails to establish any grounds for relief. Accordingly, the undersigned United States Magistrate Judge recommends that the United States District Judge **DENY** Petitioner's Petition [DE 1] and **DENY** a Certificate of Appealability.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Donald M. Middlebrooks. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 12th day of November 2024.

WILLIAM MATTHEWMAN
United States Magistrate Judge